IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
July 15, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **KEITH D. HARROD,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | **CIVIL ACTION 3:04-CV-2736-R** |
| | § | |
| **CITICORP CREDIT SERVICES, INC.,** | § | |
| | § | |
| *Defendant .* | § | |

## MEMORANDUM OPINION

Now before this Court is Defendant's **Motion to Confirm Arbitration Award** (filed January 28, 2005) as well as *Pro Se* Plaintiff's **Petition to Vacate Arbitration Award** (filed March 2, 2005). This Court, having considered the motions and the pleadings on file herein, finds that the Arbitration Award should be **CONFIRMED**. Accordingly, Defendant's Motion is **GRANTED** and Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff was formerly employed by Defendant Citicorp Credit Services, Inc. ("CCSI") as a Customer Service Representative. CCSI fired Plaintiff on January 25, 2003 for falsification of timesheets and rude and condescending telephone behavior. In accordance with his employment contract, Plaintiff sought arbitration for his allegations that he was illegally terminated based on his age, his relationship with Africans, and in retaliation for opposing age discrimination. The American Arbitration Association administered the arbitration on June 29 and June 30, 2004 with Randolph P. Tower serving as the arbitrator. Mr. Tower signed off on the Award of Arbitrator (the

"Award") which included the Findings of the Arbitrator (the "Findings") on August 31, 2004, wherein all of Plaintiff's claims were denied. See App. 15-17.[1]

On November 29, 2004, Plaintiff filed this action in state court to vacate the Award. On December 29, 2004, CCSI removed the case to federal court and subsequently filed its Motion to Confirm Arbitration Award. Instead of filing a response to the Motion to Confirm, Plaintiff filed his Petition to Vacate Arbitration Award. CCSI then filed a response to the Petition to Vacate (filed March 28, 2005) and Plaintiff filed a reply (filed April 5, 2005).

## ANALYSIS

**1. Standard of Review**

"Judicial review of an arbitration award is extraordinarily narrow." *Gulf Coast Indus. Worker's Union v. Exxon Co.*, 70 F.3d 847, 850 (5th Cir. 1995). An arbitration award may be vacated on statutory and/or non-statutory grounds.[2] Section 10 of the Federal Arbitration Act ("FAA") provides "the only [statutory] grounds upon which a reviewing court may vacate an arbitrative award." *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 820 (5th Cir. 1993) (internal citation omitted). Section 10 allows vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that mutual, final, and definite award upon the subject matter submitted was not

---

[1] Throughout this opinion, "App." refers to the Appendix in Support of Defendant's Motion to Confirm Arbitration Award (filed January 28, 2005).

[2] According to Plaintiff, "The grounds for the vacation of this arbitration award are capriciousness and arbitrality [sic.], manifest disregard of law, and United States Code statute which forbids 'any other misbehavior by which the rights of any party have been prejudiced.'" Plaintiff's Petition to Vacate, 1-2. This Court notes that an arbitration award is considered to be arbitrary and capricious only if the award is "so palpably faulty that no judge, or a group of judges, could ever conceivably have made such a ruling." *Safeway Stores v. American Bakery and Confectionery Workers, Local 111*, 390 F.2d 79, 83 (5th Cir. 1968). This Court interprets *Pro Se* Plaintiff's argument to include an urging that the Award be vacated pursuant to either statutory grounds under Section 10(a)(4) of the FAA or non-statutory grounds of "manifest disregard of the law."

made." 9 U.S.C. § 10(a)(4) (2005). As for non-statutory grounds, an arbitral award may be set aside for "manifest disregard for the law." *See Hughes Training Inc. v. Cook*, 254 F.3d 588, 592 n.4 (5th Cir. 2001). "Given the strong federal policy in favor of arbitration, a reviewing court resolves all doubts in favor of upholding an arbitral award. *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320-21 (5th Cir. 1994).

**2. Discussion**

There are absolutely no grounds, statutory or non-statutory, for the Court to order the Award be vacated. The Findings recognize that CCSI:

> ...articulated a legitimate nondiscriminatory reason of poor job performance for terminating Mr. Harrod's employment...[CCSI] produced substantial evidence form numerous witnesses as to Mr. Harrod's poor job performance. The evidence did not establish that the reason given for termination was pretext.

App. 16. The Findings cite specific witnesses whose testimony supported CCSI's stated reason of terminating Harrod for poor job performance. *Id*. The Findings also address the Texas Workforce Commission finding on Harrod's unemployment compensation claim ("TWC Report") and explain why the TWC report is not evidence of unlawful discrimination. *Id*. Having reviewed the entire record, this Court wholly agrees with the Findings.

Harrod repeatedly points to evidence that he argues establishes *prima facie* cases of discrimination.[3] What Mr. Harrod fails to recognize is that even if he were able to establish a *prima facie* case, where an employer puts forth a legitimate nondiscriminatory reason for its employment

---

[3]Specifically, Harrod repeatedly points to the TWC Report and conclusively states that he was harassed "for both age and his relationship with his Ethiopian fiancé." Petition to Vacate at 5. He says that after reporting such treatment by coworkers, he was "isolated and disliked by a number of his new peers." *Id*. He also claims at least one of the Defendant's witnesses was given "illegal privileges" such as being permitted to listen to music on the job and conclusively states all of Defendant's witnesses were "receiving illegal benefits or making up false testimony against me." Petition to Vacate at 8, 11.

*Memorandum Opinion–Page 3*

decision, the burden then shifts to the plaintiff to demonstrate the given reason is a mere pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). This Court agrees with the Arbitrator, "The evidence did not establish that the reason given for termination was pretext." App. 16.

There is no basis for this Court to vacate the Award, and it therefore must be confirmed. The Arbitrator did not exceed his power or demonstrate any manifest disregard for the law. Finally, to make ceratin *Pro Se* Plaintiff's argument regarding "arbitrary and capricious" is clearly addressed, this Court notes that this Award is NOT "so palpably faulty that no judge, or a group of judges, could ever conceivably have made such a ruling." Furthermore, to address the language Plaintiff uses in his Reply, this Court unequivocally finds that the grounds for the arbitrator's decision certainly *can* be inferred from the facts of the case. See Reply at 4.

## **CONCLUSION**

For all the above reasons, Defendant's Motion to Confirm Arbitration Award (filed January 28, 2005) is **GRANTED** and Plaintiff's Motion to Vacate Arbitration Award (filed March 2, 2005) is **DENIED**.[4]  Accordingly, it is **ORDERED** that the Arbitration Award be, and hereby is, **CONFIRMED**.[5]

**It is so ORDERED.**

---

[4] In its Response, CCSI generally asked this Court to award it its costs and attorney's fees. Response at 5. That request is denied.

[5] As this action was a challenge to the Arbitration Award and as this Court just ordered the the Arbitration Award be confirmed, this case is hereby CLOSED.

Entered:   July 15, 2005

                                                                                              _____
                                                                                              **JERRY BUCHMEYER**
                                                                                              **SENIOR UNITED STATES DISTRICT JUDGE**
                                                                                              **NORTHERN DISTRICT OF TEXAS**